## Ex Parte Kaufman.

**Habeas Corpus**: CONVICT UNDER AGE OF IMPRISONMENT. The writ of *habeas corpus* cannot be invoked to release a convict from the penitentiary on the ground that he is under the age of imprisonment there, unless that fact appears by the record of conviction. The investigation of the question of age belongs to the court where the trial is had.

*Habeas Corpus.*

WRIT DENIED.

*Smith & Krauthoff* for the petitioner.

The petitioner's case comes within section 2650, Revised Statutes, and he is entitled to be discharged. In sentencing him to the penitentiary, when he was under the age of eighteen years, the court exceeded its jurisdiction both as to the place of imprisonment and the person whom it undertook to sentence. For the same reason the sentence was passed " in a case and under circumstances not authorized by law." To determine whether a sentence has been so passed, the entire case and circumstances, so far as they relate to the matter of jurisdiction, and not merely the record, are open for investigation. Hurd on Hab. Corp., pp. 300 to 319; *Ex Parte Jilz*, 64 Mo. 205; *Ex Parte Brown*, 72 Mo. 83. The defect here is not a mere irregularity, but an illegality, and may be corrected on *habeas corpus*. Hurd, pp. 327, 328; *Amidon's case*, 40 Mich. 628. But even if it be determined that the defect is not such as affects the jurisdiction of the court rendering the judgment, yet it can-

not be doubted that the sentence of this petitioner to the penitentiary is erroneous ; and it is made the duty of the court to correct this error. R. S., § 2688..

*D. H. McIntyre*, Attorney General, *contra*.

. The judgment of conviction having been rendered by a court of competent authority, having jurisdiction of the person of the defendant and the subject matter, and no defect appearing upon the record, the party cannot be relieved on *habeas corpus*.

NORTON, J.—This is a proceeding by *habeas corpus* in which Amos S. Kaufman, the petitioner, alleges he is illegally restrained of his liberty in the State penitentiary by the warden thereof. The warden, in his return avers that, at the April term, 1881, of the criminal court within and for Pettis county, said petitioner was convicted of larceny in a dwelling house, in said county, and by the judgment of the court was sentenced to confinement in the penitentiary for the term of two years, a copy of which sentence and judgment he files with his return as his authority for holding the petitioner. The said judgment of said criminal court, under which defendant is held, being a final judgment rendered by a court having jurisdiction n such matters, our duty in the premises is prescribed by section 2648, Revised Statutes 1879, which provides that in proceedings by *habeas corpus*, the court or magistrate before which the case is pending, shall " forthwith remand the party, if it shall appear that he is detained in custody by virtue of the final judgment, order or decree of any competent court of criminal or civil jurisdiction." Under this plain provision of the statute, which interprets itself, it is our duty to remand the petitioner, which is hereby done.

The only ground urged upon us for the discharge of the petitioner, is based upon the alleged fact, and for the first time here asserted, that the petitioner, at the time o

his conviction, was under the age of eighteen years, and was not, therefore, liable to be sentenced to confinement in the penitentiary. As this fact does not appear in the record, and was not made known in the *nisi prius* court, we know of no law which would authorize us to try the question as to whether the fact asserted is true or false. The duty of trying this question belonged to the court where the trial of petitioner was pending, and in which the judgment was rendered, and the petitioner should have given that court an opportunity of performing the duty by raising the question of non-age there, instead of undertaking to have it investigated here. *State v. Gavner*, 30 Mo. 44; *Ex Parte Toney*, 11 Mo. 661. An order will be made remanding the petitioner and dismissing the writ, in which all concur.