STATE *ex rel.* SCHOOL DISTRICT, ETC., Appellant, v. F. W. WILLIAMS, County School Commissioner, etc., Respondent.

### Kansas City Court of Appeals, April 5, 1897.

1. **Certiorari:** PROVINCE OF: JURISDICTION. The sole province of a writ of *certiorari* is to bring up the record of an inferior tribunal from which no appeal or writ of error lies so that the record may be reviewed to determine whether such tribunal proceeded without or· beyond its jurisdiction; and said determination is to be made upon the return alone and not facts outside thereof.

2. ———: RETURN: CHANGING BOUNDARY LINES OF SCHOOL DISTRICT. The return to a writ of *certiorari* issued against a school commissioner to send up the record relating to the order of his predecessor changing the boundary line of certain school districts, stated that the respondent knew nothing of the matter and there was no record save the one returned, which was a petition merely reciting the action of the two districts and requesting the commissioner to act in the premises as the statute provided. *Held*, there was nothing upon which the court could act and a motion to quash the order of the commissioner was properly overruled.

*Appeal from the Daviess Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Samuel G. Loring* for appellant.

(1) The court erred in overruling the relator's motion. The relator's petition in this case stated a meritorious ·cause of action. (2) Writs of *certiorari* are in the nature of writs of error and operate in a similar way. *R. R. v. Young*, 96 Mo. 39. Relator was not guilty of laches in suing out its writ. *State ex rel. v. Bowerman*, 40 Mo. App. 577; R. S. 1889, sec. 8028; 4 Ency. of Plead. and Prac., pp. 176, 181; *State ex rel. v. Cauthorn*, 40 Mo. App. 94; *Gardes v. Champion*, 108

Ill. 137; *LeRoy v. New York*, 20 Johns. (N. Y.) 430; 4 Ency. of Plead. and Prac., pp. 217, 220, 545; R. S. 1889, sec. 2073, p. 545; *State ex rel. v. Co. Court*, 66 Mo. App. 96; 4 Ency. of Plead. and Prac., p. 291. (3) When an inferior tribunal has acted without acquiring jurisdiction, the writ of *certiorari* should not be dismissed. But the judgment of the court shall be rendered, reversing, quashing, or overruling the proceedings of the inferior tribunal. *Cook v. Callaway*, 1 Mo. 545; *R. R. v. Brannan*, 96 Ala. 461; *Baxter v. Brooks*, 29 Ark. 173; *Stewart v. Superior Ct.*, 101 Cal. 594; *Winter v. Fitspatrick*, 35 Cal. 269; *Knapp v. Gromsley*, 47 Mich. 375; *Thompson v. Crockery*, 25 Mich. 483; *McGregor v. Gladwin Co.*, 37 Mich. 388; *Gentle v. School Inspector*, 73 Mich. 40; section 7972 of the Revised Statutes of 1889, as amended by the acts of 1891, p. 207; 23 Am. and Eng. Ency. of Law, p. 398; *Voorhies v. Jackson*, 10 Peters (U. S.), 471; *Dist. 1 v. Dist. 2*, 94 Mo. 618; *State v. Young*, 84 Mo. 94; Bliss on Code Plead., sec. 202; *State v. Ravenscroft*, 62 Mo. App. 111; *Hines v. White*, 81 N. Y. 532; *Spring v. Olney*, 78 Ill. 101; *Bank v. Hale*, 59 N. Y. 53; *Cushing v. Worrell*, 9 Gray, 382; *Mason v. Kennedy*, 89 Mo. 28; 4 Ency. of Plead. and Prac., p. 218; 1 Am. and Eng. Ency. of Law, p. 616; 2 Ency. of Plead. and Prac., p. 210.

GILL, J.—In obedience to a writ of *certiorari* issued by the Daviess circuit court, the defendant certified up to that court what purported to be all the papers and records found in his office relating to a proceeding for changing the boundary line between two school districts, one of which was the relator. It seems that said proceeding was begun in 1893, when, as provided in section 7972 of the school law, the matter of changing the boundary line between the plaintiff district and an

STATEMENT.

adjoining district was submitted to the voters of the two districts, at which election one district voted in favor and the other voted against such change. Then, in accordance with the provisions of the school law, section 7972, Revised Statutes, 1889, the question was certified up or appealed to the county school commissioner, which position was then held by one Savage, defendant's predecessor, and who, according to relator's statement, decided that the change of boundary line should be made. The relator school district, being opposed to the change, by this suit seeks to have the action of the former school commissioner declared illegal and void because of certain irregularities in the proceedings or want of jurisdiction in the school commissioner. And for that purpose obtained, as already stated, a writ of *certiorari* from the circuit court directing the county commissioner to send up the record and papers connected with the proceedings to change said boundary line.

In obedience to this writ, the defendant, present county commissioner, made return that he knew nothing of the matters referred to in the writ, and that he had no papers or records connected therewith except one which he certified to the court, and which was a mere statement or petition, purporting to be signed by certain qualified voters of the two school districts, and which merely recited the action of the two districts and requested the county commissioner to act in the premises as the statute provided.

Thereupon relator school district, by its attorney, moved the circuit court "to set aside, quash and hold for naught the pretended order changing the boundary line between said district number 4 and district number 2, etc., etc., *  *  *  made by C. A. Savage as county commissioner of said county, and hold the same as naught for the reason that the return of the

defendant fails to show that said Savage as such commissioner, had any jurisdiction or authority to make said order.''

The court overruled this motion, and from a final judgment against relator an appeal was taken to this court, the sole question being whether or not the circuit court committed error in overruling the motion above alluded to.

The ruling of the lower court was manifestly correct. It was the only disposition the court could make of the case under the circumstances.

CERTIORARI: province of: jurisdiction. The sole province of *certiorari* is to bring up the records of an inferior tribunal from which an appeal or writ of error does not lie, so that its proceedings, as shown by the record and papers, may be reviewed by the superior court, to the end that it may be determined whether or not such inferior court or body has proceeded without, or beyond the bounds of its jurisdiction. *State ex rel. v. County Court*, 45 Mo. App. 387. The investigation and review will be confined to the records and papers certified up and contained in the return. As has been said by the supreme court ''in *certiorari* proceedings the determination of the question involved is to be made upon the return; facts can not be brought to the attention of the court outside of the return.'' *Railroad v. Board of Equalization*, 64 Mo. 294; *House v. County Court*, 67 Mo. 522.

The return here showed nothing to justify the court's action in either approving or disapproving the alleged order or judgment of the county

——: return: changing boundary lines of school district. commissioner. Indeed it does not appear from the return or papers filed therewith, that the school commissioner ever made any order, judgment or decision in the case. There was then nothing before the circuit court to call for

its judgment *pro or con*, as to the proceedings before the county commissioner. The return brought up no matter upon which the circuit court could act. The court applied to was not authorized to go to the relator's application or petition for the record to be reviewed. The petition in such cases is in no sense a pleading under the statute as in ordinary cases where if the allegations are not denied they are to be taken as true. Judge HOUGH in *State ex rel. v. Powers*, 68 Mo. 320, thus speaks of the force and effects of the relator's application: "In a proceeding by *certiorari* in this court, the petition for the writ may be regarded as in the nature of an assignment of errors on the record sought to be reviewed.   *   *   *   Further than this the petition is not to be viewed as a pleading in the cause. The record of the inferior tribunal is to be examined by us just as it would be, if it could and were brought before us by a writ of error or an appeal." And as said by Judge BLISS in *State ex rel. v. Dowling*, 50 Mo. 134: "It (the writ) is issued to bring up for review the records of the proceedings complained of, and is not a citation to appear and justify the action of the tribunal, as though a judgment was to be rendered against its members."

Judgment affirmed. All concur.