STATE ex rel. A. D. HILL et al., Defendants in Error, v. W. P. MOORE et al., Plaintiffs in Error.

### St. Louis Court of Appeals, March 27, 1900.

1. **Writ of Certiorari: DRAMSHOP LICENSE: REMONSTRANCE: PARTIES TO THE RECORD: DRAMSHOP ACT.** The Dramshop Act (Chap. 22, R. S. 1899) does not confer any right of the taxpaying citizen to file a remonstrance against the granting of a dramshop license, or by any form or protest to become in any sense parties to the record.

2. ———: ———: ———: **DUTY OF PUBLIC OFFICERS.** Whether or not a remonstrance is filed the taxpaying citizens who did not sign the petition for the license, should for all purposes be counted as protestants, and should in the sound discretion of the courts be permitted to make an application for a writ of *certiorari* to test the legality of a dramshop license when the officials whose duty it is *ex officio* to prosecute these writs refuse permission to make the application at their relation.

3. ———: ———: ———: **DISCRETION OF THE COURT IN ISSUING WRIT OF CERTIORARI: PRESUMPTION: PRACTICE, APPELLATE.** Where the writ has been issued, as in the case at bar, in the absence of any showing to the contrary, we are to presume that the court before it ordered the issuance of the writ, heard the application therefor, found that the allegations of the petition as to the legal capacity of the defendants in error to sue were true and in the exercise of sound discretion, ordered the issuance of the writ.

4. **Writ of Certiorari: ITS FUNCTIONS: COMMON LAW.** The functions of the writ of *certiorari* in this state is the same as at common law, i. e., "to bring up the record of the proceedings of the tribunal to which it is directed."

5. **Dramshop License: PERIOD FOR WHICH IT CAN BE GRANTED: JURISDICTION OF COUNTY COURT: STATUTORY CONSTRUCTION.** Section 2993, Revised Statutes 1899, limits the period for which a dramshop license may be issued to six months, and an order of the county court granting a license for one year exceeds the jurisdiction of the county court, and is void.

Error to the Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*N. A. Mozley, L. R. Thomason* and *H. S. Shaw* for plaintiffs in error.

(1)   Relators have no legal capacity to maintain the action, nor are they proper or necessary parties thereto. We have no statute in the state prescribing a rule of practice in cases of this sort; hence, must look for precedents to the common law authorities. The writ of *certiorari* is not a writ of right, and does not issue as of course except at the instance of the government; but the application is addressed to the sound judicial discretion of the judge or court. Harris on Certiorari, sec. 2, p. 3; Railroad v. State B. Equalization, 64 Mo. 294; State ex rel. v. Dobson, 135 Mo. 19.   (2)   No one but a party to the record, or one who has a direct and immediate interest in it or is privy thereto can maintain the writ.   Harris on Certiorari, sec. 2, p. 4; Bath Bridge & Co. v. Magoun, 8 Maine 293; State ex rel. v. Dobson, *supra;* In re L'd Listowell's F'r'y, 9 Ir. R. C. L. 46 (Q. B.); Regina v. Justices, 5 Q. B. 466.   (3)   Though the writ may be granted in the sound discretion of the court or judge, this discretion is not an arbitrary one, governed by whim or caprice, but it is a sound judicial discretion dependent on settled legal principles, applicable to the case, and an abuse thereof will be good ground for a review in the appellate court.   School Trustees v. School Directors, 88 Ill. 100; Supervisors v. McGoun, 109 Ill. 142; Flournoy v. Payne, 28 Ark. 87; Ex parte Pierce, 44 Ark. 509; Bob v. State, 2 Yerg. 173 (Tenn.)   (4)   As to the Bracken case, the only fault to be found with the proceedings is that the order or

judgment of the county court grants a license for twelve months and makes the license fees payable every three months, and for this reason the judgment relators claim, is void.  In fact, it is not even a voidable judgment for it is strictly within the spirit of the law.   Acts 1891, section 4, p. 128, provides that the court may grant a license for six months.   Section 8, p. 129, provides that the petition shall be in force and effect for twelve months.   Section 12, page 130, provides that the clerk shall grant a license for six months upon the expiration of the first six months without other form or ceremony than the demand of the applicant. The law further provides the minimum fee for each period of six months but is silent as to when, how and in what amounts such fee shall be paid.   It is the action of the court acting within its jurisdiction that gives effect to the license so that an order anticipating the future act of a clerk which he is bound by law to do does not avoid the judgment.   The objections to the order of the county court are purely technical and not prejudicial to the rights of either relators or the public.

*G. D. Humphrey* and *C. L. Keaton* for defendants in error.

(1)   After making and filing their return plaintiffs filed a motion to quash the writ of *certiorari* on account of supposed defects in the petition for *certiorari*.   This motion admitted all the facts pleaded, and the allegations of the petition stand confessed.   Butler v. Lawson, 72 Mo. 227; State ex rel. v. Hardware Co., 109 Mo. 118.   (2)   And they can not even indulge presumptions after such sweeping admissions.   They will not be allowed to admit the facts by their motion—demurrer—and then attempt to overturn them by saying we can not sue for want of proof of such facts.   State ex rel. v. Conrad, 147 Mo. 654.   When the

court exceeds its jurisdiction its proceedings must be quashed State ex rel. Reider v. Moniteau County Court, 45 Mo. App. 387. (3) In this case it is a clear excess of jurisdiction. The court grants a license for one year under sections 4 and 8 of Acts of 1891, then at the end of this period the clerk grants a license for six months more, making eighteen months in open violation of section 8 thereof. And if granted or issued for three months in the first instance for one-half of the license tax levied under section 7 for six months, then the clerk will issue for six months under section 12 for the same sum, that is nine months for six months' license tax, contrary to the statute. State ex rel. Campbell v. Heege, 37 Mo. App. 338; State ex rel. Troll v. Hudson, 78 Mo. 302.

BLAND, P, J.—A. D. Hill and ten other alleged citizens of Dexter, Stoddard county, Missouri, at the relation of the state presented their petition to the Dexter Circuit Court, praying that a writ of *certiorari* issue to the appellants, who are justices of the county court of Stoddard county, commanding them to bring up the record of their proceedings, by which John F. Bracken was granted a license to keep a dramshop in said town. The substantive allegations of the petition necessary to be stated in this opinion are: That the city of Dexter is a city of the fourth class and contained less than two thousand inhabitants; that petitioners are resident taxpaying citizens of said city; that requests had been made to both the Attorney-General of the state and to the prosecuting attorney of Stoddard county, to prosecute a writ of *certiorari* to revoke the license of Bracken, and that both had refused to do so, or to permit the use of their names in the prosecution of the writ; that the license granted to Bracken was to keep a dramshop for one year, to be issued in periods of three months if desired.

State ex rel. v. Moore.

The writ was issued and duly served on the defendants, who appeared and filed a motion to quash the writ on the following grounds:

1. Because said writ was improvidently issued.

2. Because plaintiff's petition in the cause praying for the issuance of such writ does not state facts sufficient to authorize this court to review the action of defendants or the exercise of their judicial discretion in the matter complained of by relators.

3. Because relators do not show by or upon the face of their said petition that they have or possess any right to require defendants to submit their action in the behalf complained of to review by this court.

4. Because relators have no legal right to prosecute this action.

5. Because it does not appear by or upon the face of the petition by the allegations therein contained, or by reasonable intendment therefrom that these relators have suffered any special wrong, injury or grievance by the action of the defendants in this behalf, or that they will suffer any special wrong, injury or grievance by such action of defendants not common and general to all the citizens of Stoddard county.

6. Because it does not sufficiently appear from said petition that the public officers, whose duty it is to prosecute this action, have refused or declined to institute and prosecute said action.

7. Because it does not sufficiently appear from the petition filed herein, or from any exhibits filed therewith that the city of Dexter is a city containing less than two thousand inhabitants.

9. Because the petition on its face shows that relators were guilty of gross negligence and laches in applying for said writ.

10.  Because upon the whole showing of relators the writ should not have been granted.

The motion to quash was overruled, whereupon the defendants filed a duly authenticated copy of Bracken's application for a license, the petition purporting to be signed by a majority of the taxpaying citizens and guardians of minors of the city of Dexter, asking that a license be granted to Bracken and the bond of Bracken as a dramshop keeper, together with a certified copy of the order of the county court granting the license, as and for a return to the writ. No answer was filed putting in issue any of the facts alleged in the petition, nor was there anything alleged in the return denying any of the facts recited in the writ of *certiorari*. The defendants rested their defense on the regularity and sufficiency of the proceedings of the county court after the overruling of their motion to quash and did not attempt to put in issue any of the allegations of the petition, which were *dehors* the record of the county court. The circuit court adjudged the order of the county court granting the license to be in excess of the jurisdiction of that court and quashed its proceedings and the license. Defendants have brought the cause here by writ of error.

For a reversal of the judgment plaintiffs in error contend, first, that the petition fails to show that the relators have any legal capacity to sue out the writ, and second that the proceedings of the county court and the order granting the license are regular and not in excess of the jurisdiction of the county court. The petition alleges that defendants in error are taxpaying citizens of the city of Dexter; that both the Attorney-General of the state and the prosecuting attorney of the county had refused to permit the application for the writ to be made in their names.

I.  In State ex rel. v. Heege et al., 37 Mo. App. 338, an application for a writ of *certiorari* to bring up the pro-

ceedings of the county court of St. Louis county granting a dramshop license, was made by taxpaying citizens of the township in which the license had been granted. The petition alleged that both the Attorney-General and the prosecuting attorney of the county had refused to permit the application to be made in their names. This court ruled that in the exercise of its discretion it would permit the taxpaying citizens to make the application, they having first protested against the grant of the license to the county court, and it being shown that permission had been refused by both the Attorney-General and the prosecuting attorney of the county to make the application in their names. Judge Thompson (who wrote the opinion), in discussing the right of taxpaying citizens to prosecute the writ in their own names, uses the following language: "Our statutes relating to dramshop licenses recognize the principle that the granting of a dramshop license is of interest to the assessed taxpaying citizens of the cities, towns or municipal townships, by making it a condition precedent to the granting of such license that the applicant shall support his application by the petition of at least a majority of the taxpaying citizens of the city, incorporated town or municipal township containing twenty-five hundred inhabitants or more; and we think we merely carry out the policy of this statute in recognizing the right of citizens of the municipality or township remonstrating against the issuing of the license to remove the record of the county court to a superintending court for the purpose of having the question determined whether it has been granted in a case within the jurisdiction of the county court." It is insisted by plaintiffs in error that the case in hand is distinguishable from the Heege case in this, that in the latter case the relators had first remonstrated against the granting of the license, that by filing

their petition of remonstrance in the county court they in a sense became parties to the record. The language of the learned judge quoted above seems to lend some countenance to this contention, but an examination of the Dramshop Act (chap. 22, R. S. 1899), fails to disclose any right of the taxpaying citizens to file a remonstrance against the granting of dramshop licenses, or by any form of protest to become in any sense parties to the record. Such proceedings are purely *ex parte*. State ex rel. Reider v. Moniteau Co. Ct., 45 Mo. App. loc. cit. 394. The tendency of the sale of intoxicating liquors is to deprave public morals, and is therefore illegal. Austin v. State, 10 Mo. 591; State ex rel. v. Hudson, 78 Mo. 302. In recognition of this fact the legislature of the state has restricted their sale (under license) to communities wherein a majority of the taxpaying citizens thereof shall petition the county court to grant the license. No notice of the application for license is required, but to secure the signatures to the petition the applicant must make a canvass of the taxpaying citizens of the community to be affected by the grant of license, and it is but common knowledge that every taxpaying citizen of the community whose name does not appear upon the petition for the license, is opposed to its issuance, and the county court, under the law, counts him as protesting or voting against the issuance of the license. Whether or not a remonstrance is filed the taxpaying citizens who did not sign the petition for the license, should for all purposes be counted as protestants, and should, in a proper case and on a proper showing for the protection of their property interests and *pro bono publico* in the sound discretion of the courts, be permitted to make an application for a writ of *certiorari* to test the legality of a dramshop license, where the officials, whose duty it is *ex officio* to prosecute these writs, refuse permission to make the application at their relation. The ruling in the Heege

case as to the right of defendants in error to sue has been followed by this court in State ex rel. v. Higgins, 71 Mo. App. 180, and by the Kansas City Court of Appeals in State ex rel. v. Cauthorn, 40 Mo. App. 94, and State ex rel. v. Moniteau County Court, *supra*. We adhere to this ruling and broaden its application as above indicated, with no apprehension that the rule will work injustice to the dramshop keeper, because the right to apply for the writ is not an absolute one, but its issuance always rests in the sound discretion of the court, whose duty it is before the writ is issued to hear the application as the record shows was done in this case and after hearing, exercise its judgment and discretion as to the right of the party making the application to sue and as to the propriety of issuing the writ on the application. State v. Orrick, 106 Mo. 111. Where the writ has been issued, as in the case at bar, in the absence of any showing to the contrary, we are to presume that the circuit court, before it ordered the issuance of the writ, heard the application therefor, found that the allegations of the petition as to the legal capacity of the defendants in error to sue were true, and in the exercise of a sound discretion ordered the issuance of the writ. Fahy v. Gordon, 133 Mo. 414; Anthony v. Rice, 110 Mo. 223; McDonald v. Frost, 99 Mo. 44; Ensor v. Smith, 57 Mo. App. 584. And because there is no bill of exceptions preserving the facts developed on the inquiry preliminary to the issuance of the writ, it does not follow that such inquiry was not in fact made. Also the allegations in the petition of facts *dehors* the record are not put in issue by any pleading or statement in the return and must be taken as admitted. State ex rel. v. Stephens, 146 Mo. loc. cit. 681. The functions of the writ in this state is the same as at common law, i. e., "to bring up the record of the proceedings of the tribunal to which it is directed." State ex rel. v. Walbridge, 69 Mo. App. 657; State ex rel. v.

Smith, 101 Mo. 174; State ex rel. v. Valliant, 123 Mo. 525.
Hence if evidence *dehors* the record had been heard there is
no legal method by which it could have been preserved by
bill of exceptions, and brought to the attention of this court.
Ward v. Board of Education, 135 Mo. 309; State ex rel. v.
Madison Co., 136 Mo. 323; State ex rel. v. Walbridge,
*supra*; Moore v. Bailey, 8 Mo App. 156; State ex rel. v.
Walbridge, 62 Mo. App. 162. All matters of evidence as
to the right of the applicants to sue for the writ are prelim-
inary to its issuance, and it appears to us are concluded in
favor of the applicants by the order of the court granting
the writ. This must be so from the very nature of the
writ and of the practice governing the procedure after its
issuance.

II. Bracken's application and the petition for license
were in proper form and the petition purports to be signed
by the requisite number of taxpaying citizens and guardians
of minors owning property in the city of Dexter. The or-
der granting the license recites the finding of all the facts in
favor of Bracken necessary to warrant the county court to
grant the license. After finding these facts the order con-
tinues as follows: "It is therefore ordered by the court
that the said John F. Bracken be and he is hereby granted
a license to keep a dramshop at his stand aforesaid for a
period of one year from this date; that he pay a state license
tax of one hundred dollars and a county license tax of five
hundred dollars and an ad valorem tax on his stock at the
same rate as is paid by merchants upon merchandise; that
his bond and statement as such dramshop keeper be ap-
proved, and that license be issued in periods of three months
if desired." Section 2993, Revised Statutes 1899, limits
the period for which a dramshop license may be issued to
six months. The order granting the license for one year
therefore exceeded the jurisdiction of the county court, and

is void. The order permitting Bracken to split his year's license into four parts and to take out license on the installment plan runs counter to section 3000, Revised Statutes 1899, which requires the production of the collector's receipt for the payment of the license tax for six months before a license can be lawfully granted. This option to Bracken was beyond the jurisdiction of the county court to grant, and is also void. We conclude that the county court exceeded its jurisdiction and affirm the judgment of the circuit court quashing the proceedings of the county court and the license. All concur. Judge *Biggs* concurs in the result.