STATE ex rel. J. N. MOORE et al., Defendants in Error, v. GEORGE W. McDAVID et al., Plaintiffs in Error.

St. Louis Court of Appeals, March 27, 1900.

1. Certiorari: PROCEEDINGS OF COUNTY COURT: GRANTING DRAMSHOP LICENSE. On a writ of *certiorari*, the issuing of a dramshop license to one Riddle by the county court, was brought before the circuit court of Stoddard county for review.

2. ———: ———: LICENSE REVOKED. It appeared at the trial in the circuit court that the county court had no jurisdiction to issue the license, whereupon the court quashed the proceedings and revoked the license.

3. ———: ———: RETURN TO WRIT. The return to the writ failing to deny any of the allegations in the application for the writ and the writ itself, the right to institute the proceeding by *certiorari* is conclusively presumed.

4. ———: ———: ———: NO JURISDICTION. As both application for the writ and the return thereto showed that the Stoddard county court had no jurisdiction to issue the license, the judgment of he lower court in revoking it was correct.

Error from the Stoddard Circuit Court.—*Hon. James L. Fort*, Judge.

AFFIRMED.

No briefs furnished.

BOND, J.—This is a writ of error from a judgment of the circuit court of Stoddard county quashing a license as dramshop keeper issued to one Riddle by the county court of that county, whose proceedings were brought up for review in the circuit court by a writ of *certiorari*. On the trial in the circuit court it appeared that the county court had no jurisdiction to issue the license, for the reason that a

majority of the assessed taxpaying citizens and guardians of minors owning property in the block where the dramshop was sought to be conducted, did not sign the petition asking for a license, whereupon the circuit court quashed the proceedings and revoked the license.

It is not denied by plaintiffs in error that the record of the proceedings in the county court of Stoddard county discloses an utter want of jurisdiction in that body to issue the dramshop license sought to be annulled in this proceeding. But it is insisted that defendants in error were not entitled to institute the proceeding for a *certiorari*. This contention is not supported by the record before us, which wholly fails to show any traverse by answer or return of the allegation of the petition for the writ, as well as the statement in the writ itself, that defendants in error became entitled to sue by reason of the refusal of both the Attorney-General and the prosecuting attorney of Stoddard county to institute this proceeding upon a request to that effect made to them. The only two pleadings filed by plaintiffs in error were, first, a motion to quash the writ. This being necessarily overruled, in view of the statements in the writ, they thereafter filed a return setting forth the proceedings in the county court of Stoddard county. There is no pretense that this subsequent return to the writ denied any of its allegations otherwise than by setting forth the record of the proceedings of the county court upon which the license complained of was issued. On this state of the record the right of defendants in error to institute the proceeding for *certiorari* is conclusively presumed. See State ex rel. Hill v. Moore, 84 Mo. App. 11. As the proceedings of the county court of Stoddard county, set forth in the return to the writ, show that it was without jurisdiction to issue the license, the judgment of the circuit court quashing the license was correct, and is affirmed. All concur, Judge *Biggs* in result.