STATE ex rel. SAGER, etc., Relator, v. MULVIHILL, etc., Respondent.

St. Louis Court of Appeals, June 1, 1905.

1. CERTIORARI: Function of Writ: Correcting Record. A writ of certiorari brings up for review the record of an inferior tribunal to which it is directed as that tribunal has made the record; it can not be used to correct the record nor can evidence upon which the record is made be considered.

2. DRAMSHOP KEEPER: License: Petition. The dramshop act contemplates that if the petition for a license has been on file in the office of the Excise Commissioner for ten days, a license may be granted upon it for six months and such license may be renewed at the expiration of that time for another six months; at the expiration of that time, the life of the petition expires.

3. ———: ———: ———. Where a petition for a dramshop license was filed in the office of the Excise Commissioner of St. Louis on May 10, 1904, the Excise Commissioner was without jurisdiction to issue a license on such petition on January 28, 1905, to run for six months, because it would take it beyond the life of the petition.

Certiorari to the Excise Commission of St. Louis, in the matter of granting a dramshop license to Carl Anschuetz.

LICENSE CANCELLED.

*Harlan, Reiss & Wagner* and *Franklin Miller,* attorneys for Carl Anschuetz, licensee; *Perry Post Taylor* of counsel.

(1) The writ of certiorari reaches only questions of jurisdiction, and does not deal with the merits of controversies between the parties litigant. State ex rel. v. Smith, 101 Mo. 174, 14 S. W. 108; State ex rel. v. Springer, 134 Mo. 212, 35 S. W. 589; State ex rel. v. Bland, 168 Mo. 1, 67 S. W. 580; State ex rel. v. Cauthorn, 40 Mo. App. 94; State ex rel. v. County Court, 45 Mo. App. 387. And evidence presented to the inferior tribunal cannot be reviewed by this writ. State ex rel. v. Walbridge, 62 Mo. App. 162. The writ issues only to inferior courts, and to review only judicial action. In re Saline County Subscription, 45 Mo. 52. Phelps County v. Bishop, 46 Mo. 68. (2) The act of the excise commissioner in granting the license was a judicial one. Where an inferior tribunal is by statute entrusted with jurisdiction to exercise certain functions that require the ascertainment of the existence of certain facts (for instance, whether or not a petition upon which the tribunal was authorized to act was signed by the requisite number of qualified persons), the finding by the tribunal that such facts exist is the exercise of a judicial function. State ex rel. v. Higgins, 84 Mo. App. 531; Weber v. Lane, 99 Mo. App. 69, 71 S. W. 1099. (3) The petition in this case conferred jurisdiction upon the commissioner to grant the license. The commissioner's record should be corrected to speak the truth, and remove the apparent discrepancy in the names of applicant and licensee. Allen v. Sales, 56 Mo. 28; Rosenheim v. Harstock, 90 Mo. 357, 2 S. W. 473; Wiltshire v. Triplett, 71 Mo. App. 332; Ins. Co. v. Boon, 95 U. S. 117; 11 Ency. of Pleading and Practice, 949; 17 Ency. of Pleading and Practice 909. And a public record, made by an officer, may be amended by him so as to speak the truth, even after he has retired from office. Kiley v. Cranor, 51 Mo. 541; Cal-

breath v. Newton, 45 Mo. App. 312; 24 Am. & Eng. Ency. of Law (2 Ed.), 180.   (4)   The petition conferred jurisdiction upon the commissioner to grant the license on January 28, 1905, to expire July 26, 1905.   R. S. 1899, sec. 2997.

BLAND, P. J.—This is a certiorari out of this court to remove to this court the record of the excise commissioner, of the City of St. Louis, in relation to the granting of a dramshop license to Carl Anschuetz.   The petition of the taxpayers on which the license was granted, and which is signed or purports to be signed by a majority of the assessed taxpaying citizens and guardians of minors owning property in the block, is as follows:

"To the excise commissioner of the city of St. Louis:

"The undersigned being a majority of the assessed taxpaying citizens and guardians of minors owning property in block No. 3765, city of St. Louis, petition you to grant Max Anschuetz a license to keep a dramshop at No. — northeast corner Delmar avenue and Kingshighway street, in said block, for twelve months."

The petition was filed in the office of the excise commissioner on May 10, 1904, and was not acted upon until January 28, 1905, when Carl Anschuetz appeared before the excise commissioner and made the following affidavit (indorsed on the back of the petition):

"State of Missouri, City of St. Louis, ss.

"Carl Anschuetz, being duly sworn, on his oath, says that the foregoing petitioners comprise a majority of the assessed taxpaying citizens and guardians of minors owning property in Block No.— in the City of St. Louis, and that the signatures thereto attached are the personal and genuine signatures of the parties therein mentioned, and affiant further states that he is a law-abiding, assessed taxpaying male citizen, of good moral character, of said city, above twenty-one years of age, and that he has not violated the dramshop laws of the

State of Missouri, to the best of his knowledge and belief.

"Sworn to and subscribed before me this tenth day of May, 1904.

"J. M. SEIBERT.

"Excise Commissioner.

"(Signed) CARL ANSCHUETZ, Applicant."

A license was granted Carl Anschuetz for a term of six months, dated January 28, 1905, to expire the twenty-eighth of July following. On the request of Carl Anschuetz, this court granted him the privilege of making a defense to the proceeding and his counsel, in addition to filing a brief in his behalf, has filed written suggestions of what he terms "a diminution of the record." The suggestions are that Max and Carl Anschuetz are one and the same person, that Carl is the true Christain name of Anschuetz and that Max is a nick name by which he is familiarly known to his friends and acquaintances and to the taxpayers who signed his petition for a dramshop license, and that the excise commissioner found that Carl Anschuetz was the person had in mind by the taxpayers when they signed the petition for the license. The suggestions and allegations are verified by the affidavit of Carl Anschuetz. On this showing we are asked to compel the excise commissioner to make a record of his alleged findings and certifiy the same as a part of the record in this case and embrace them in his return. The writ of certiorari brings up the record of the inferior tribunal to which it is directed as that tribunal has made it. It cannot be used to correct that record or to take the place of a writ of mandamus to compel the making of a record or part of a record which the inferior tribunal should have made but failed or refused to make, nor does it bring up the evidence upon which the record was made, and if such evidence should be included in the return it cannot be considered. [In the matter of the Saline Co. subscription, Thompson et al., petitioners, 45 Mo. 52; Hannibal & St. Joseph R. R.

Co. v. State Board of Equalization, 64 Mo. 294; State ex rel. v. Edwards, 104 Mo. 125, 16 S. W. 117; State ex rel. v. Springer, 134 Mo. 212, 35 S. W. 589; Ward v. Board of Equalization, 135 Mo. 309, 36 S. W. 648; State ex rel. v. Williams, 70 Mo. App. 238; State ex rel. v. Moore, 84 Mo. App. 11; State ex rel. v. Walbridge, 69 Mo. App. 657.] The suggestions are *dehors* any record in the case and the request for an order on the respondent to make a finding of the facts alleged and to include his finding in the return cannot be granted in this proceeding. If we had authority under the writ to grant the request and the commissioner should find the facts to be as alleged and make a record of his findings and include the same in his return to the writ, it could serve no useful purpose, for the reason the record shows on its face that the excise commissioner exceeded his jurisdiction by granting a license to continue in force beyond the life of the petition for such license. As before stated, the petition was filed May 10, 1904, and the license was not granted until January 28, 1905, and was made to continue in force for six months. Section 2997, R. S. 1899, as amended in 1901 (Laws of 1901, p. 142) provides that a petition for a dramshop license shall remain on file in the office of the excise commissioner or in the office of the county clerk where filed for at least ten days before it can be acted upon. [State ex rel. v. Seibert, 97 Mo. App. 212, 71 S. W. 95.] The dramshop act contemplates that after the petition has been on file in the office of the excise commissioner for ten days it shall be presently acted upon by him and that a license shall be granted or refused; if granted it should be for six months. [Section 2996, R. S. 1899; State ex rel. v. Moore, supra.] At the expiration of the first license the applicant may have the license renewed for another term of six months on the petition. At the expiration of the second license the life of the petition expires and if the licensee would continue his saloon business he must go back to the taxpayers and get a new petition from them. [Laws of

1901, p. 142.] It was never intended that a petition for a dramshop license, after being filed with the excise commissioner or with the clerk of the county court, as the case may be, should lay dormant for months (in this case for eight months) and then be brought forward as authority for issuing license for a period beyond twelve months and ten days from the date of its filing, or for more than a year beyond the first term of the county court at which the petition could rightfully have been taken up and passed upon, or beyond the day when the excise commissioner could have lawfully taken the petition up and passed upon it. The petition is good for one year only after the granting of the first license, which first license, we think, the law clearly contemplates should be granted by the excise commissioner immediately after the petition has remained on file in his office for ten days. The manifest intention of the Legislature, as exhibited by the dramshop act, is that petitions for dramshop license shall be renewed once in every twelve months. Prior to the amended act of 1893, the statute in terms so provided and named the day on which petitions should be filed. The only changes effected by the amendments of 1893 and 1901 are that a petition filed on any date is good for one year from that date, and the petition must remain on file for inspection at least ten days before it can be acted upon.

Our conclusion is that the excise commissioner was without jurisdiction to issue a license for a period beyond May 31, 1905; that by issuing the license to run to July 28, 1905, he exceeded his jurisdiction and for this reason the license is void. Wherefore, it is considered by the court that the license of Carl Anschuetz to keep a dramshop at the corner of Kingshighway and Delmar avenue, in block No. 3765, in the city of St. Louis, be, and the same is, hereby quashed, cancelled and for naught held. *Nortoni, J.,* concurs. *Goode, J.,* not sitting.