OF THE

## STATE OF MISSOURI

AT THE

### OCTOBER TERM, 1912.

---

*(Continued from Volume 247.)*

---

## Ex Parte GEORGE LEE.

Division Two, February 19, 1913.

1. **HABEAS CORPUS: Petition.** The petitioner in *habeas corpus* is bound to present with his petition for the writ certified copies of the sentences and judgments made and entered in the trial court in the several cases against him in obedience to which he is imprisoned.

2. ————: **Age of Prisoner: Finding of Trial Court.** Where the judgment of the trial court recites that defendant is over eighteen years of age, the presumption is that, nothing appearing to the contrary, the court acted upon proof in making its finding; and since the statute provides that it shall be the duty of the Supreme Court to remand the petitioner for *habeas corpus* if it shall appear that he is detained in custody "by virtue of the final judgment" of any competent court having criminal jurisdiction, the Supreme Court cannot undertake to try the question of petitioner's age at the time he was sentenced, but must remand him to the custody of the officer.

248 Mo.]            (1)

Ex parte Lee.

## Habeas Corpus.

PRISONER REMANDED.

*Louis B. Nickols, Jr.,* for relator.

The relator was under the age of eighteen years when the sentence was passed on October 22, 1912, and when commitment was delivered on October 23, 1912, the said relator was in the custody of the jailer as agent for the warden of the penitentiary. Once having passed sentence on the relator, the judge had no more discretionary power. R. S. 1909, sec. 5267. If the judge had committed an error by assessing a punishment that the law forbids, the judge had a duty to perform, and that duty was to set the illegal sentence aside and sentence the prisoner according to law, viz., according to Sec. 1529, R. S. 1909. This section says that a person convicted under the age of eighteen years for an offense where the minimum punishment is less than ten years, cannot be sent to the penitentiary, but must be sent to the Missouri Training School for Boys. Ex parte Gray, 77 Mo. 160; People ex rel. v. Giscomb, 60 N. Y. 559; People ex rel. v. Jacobs, 66 N. Y. 559.

*Elliott W. Major,* Attorney-General, and *Ernest A. Green,* Assistant Attorney-General, for respondent.

(1)   Under Sec. 1529, R. S. 1909, one pleading guilty cannot be considered as ''convicted'' until judgment has been rendered; and as defendant was over eighteen years of age when sentence was pronounced, his punishment was properly assessed at imprisonment in the penitentiary. Ex parte Kaufman, 73 Mo. 588; State v. Townley, 147 Mo. 205. In this particular case, the prisoner's own affidavit shows that he was over the age of eighteen years on November 8, 1912,

the date of his re-sentence; he was therefore properly imprisoned in the penitentiary. Ex parte Kaufman, 73 Mo. 588; State v. Townley, 147 Mo. 205. (2) The prisoner's age on November 8, 1912, the date of the sentence under which he is now confined, is what determines the place of his confinement. Since therefore he was eighteen years of age at that time he is properly imprisoned in the penitentiary. State v. Townley, 147 Mo. 205; State v. Watson, 95 Mo. 414. A person confined in the penitentiary will not be released on the ground he was under the age allowing such imprisonment unless the record of the trial court discloses such fact. Ex parte Kaufman, 73 Mo. 588. (3) The circuit court entering the judgment of sentence affirmatively found that defendant was over the age of eighteen years at the time of his sentence, and therefore its action on that finding of fact cannot be reviewed by *habeas corpus,* but only by appeal or writ of error. The writ is not to retry issues of fact or review the proceedings of a trial court. Ex parte Clay, 98 Mo. 583; Ex parte Buckley, 215 Mo. 99; State ex rel. v. Dobson, 135 Mo. 1. (4) In no event could the prisoner be discharged under the writ, but if erroneously imprisoned in the penitentiary, as we deny, then it becomes the duty of this court to sentence defendant to the proper place of confinement. R. S. 1909, secs. 2511 and 5316; Ex parte Gray, 77 Mo. 160; Ex parte Cohen, 159 Mo. 662; State v. James, 194 Mo. 268.

FARIS, J.—This is an original proceeding by *habeas corpus,* wherein George Lee, the petitioner herein, alleges that he is illegally restrained of his liberty and kept in custody in the state penitentiary by one Henry Andrae, the warden of said penitentiary.

In his return to the writ, the warden, after admitting that he has the custody of the petitioner, avers that he is holding him by virtue of certain commit-

ments, which commitments are annexed to the return, and contain copies of the sentence and judgment showing that at the October term, 1912, of the circuit court of the city of St. Louis, said petitioner pleaded guilty to two separate charges of robbery in the first degree, whereof he stood charged by two informations filed in said circuit court. Thereupon, and on the 8th day of November, 1912, petitioner was sentenced to imprisonment in the state penitentiary for the term of five years on each charge. These terms of imprisonment were, by the judgment and sentence in the last case adjudged against petitioner, made cumulative.

Petitioner, as by statute and the holdings of this court he was bound to do (Sec. 2443, R. S. 1909; State

**Petition.** ex rel. v. Dobson, 135 Mo. 1), presented with his petition for the writ, certified copies of the sentences and judgments made and entered by the said St. Louis Circuit Court in the two several cases against him. A part of this judgment is pertinent to this opinion. The same, after reciting certain matters and things not now material here, says:

*"And it appearing to the court that said defendant is over the age of eighteen years,* it is therefore

**Judgments.** considered by the court that said defendant George Lee, *alias* Frank Cunningham, *alias* Joe Boode, for his offense of robbery in the first degree as charged under information No. 183, June term, 1912, be imprisoned in the penitentiary of this State for the term of five years; that he pay the costs of this prosecution and stand committed until this sentence be complied with."

Other facts so far as the same may be necessary to a full understanding of the case, will be found in the opinion.

We are met *in limine,* by the provisions of a very plain statute (Sec. 2472, R. S. 1909), placing limits

**Statute.** and restrictions upon the exercise of relief by the writ of *habeas corpus,* which provides:

"Sec. 2472. *When remanded.*—It shall be the duty of the court or magistrate forthwith to remand the party, if it shall appear that he is detained in custody, either: First, by virtue of process issued by any court or judge of the United States, in a cause where such court or judge has exclusive jurisdiction; *or, second, by virtue of the final judgment or decree of any competent court of civil or criminal jurisdiction, or of any execution issued upon such judgment or decree;* or, third, for any contempt, specially and plainly charged in the commitment, by some court, officer or body, having authority to commit for a contempt so charged; or, fourth, that the time during which such party may be legally detained has not expired."

The only point urged upon us for the discharge of petitioner is the alleged fact that he was not eighteen years of age when he was *first* sen-
**Facts.** tenced. For a proper understanding of this contention, a few of the facts may be stated chronologically:

October 4, 1912, petitioner, George Lee, was arraigned in the circuit court of the city of St. Louis on two informations, each charging robbery in the first degree. To both, he pleaded not guilty. October 22, 1912, petitioner withdrew his plea of not guilty and pleaded guilty to each of said charges. He was on the same day sentenced by said court to imprisonment in the state penitentiary for the term of five years, on each of his said pleas. The penitentiary terms were made cumulative.

October 28, 1912, while petitioner was still in the custody of the jailer of the city of St. Louis, he filed his motion in the said circuit court to set aside the sentences theretofore pronounced, on the ground that he was on the day he was sentenced under the age

of eighteen years. As an exhibit, supplementing his said motion, petitioner annexed his own affidavit that he was born on November 6, 1894.

November 2, 1912, the circuit court sustained petitioner's motion, and set aside the sentences in both cases.

November 8, 1912 (two days after petitioner by his own showing became eighteen years of age), the court sentenced him (or re-sentenced him, if that would be more expressive of the facts) to the penitentiary for cumulative terms of five years on each of said charges.

Whether the fact alleged, that petitioner was when *first* sentenced, under the age of eighteen years, be true or not, we do not know. From all that appears, the learned trial judge could not have known from any source of competent proof in this record whether petitioner was eighteen years of age or not. He set aside the first sentence, it is true. But whether he did so *ex abundanti cautela* and afterwards took proof upon the motion and found that petitioner was over the age of eighteen years when he was first sentenced, we are unable to say from what is before us. From aught that appears we may presume that he did so, for we find the sentence reciting that "it appearing to the court that said defendant is over the age of eighteen years," etc.

Be all this as it may, the statute recited (Sec. 2472, supra), and the construction of that statute by this court (Ex parte Kaufman, 73 Mo. 588) have set bounds beyond which we cannot pass, were we inclined so to do under the facts here.

What was said by NORTON, J., in Ex parte Kaufman, supra, with slight changes noted to fit the facts, may be said here: "We know of no law which would authorize us to try the question as to whether the

*Setting Aside Sentence.*

*Finding of Trial Court.*

fact asserted is true or false. The duty of trying this question (by taking evidence upon the motion) belonged to the court where the trial of petitioner was pending, and in which the judgment was rendered, and the petitioner should have given that court an opportunity of performing the duty by raising the question of non-age there (and by making proof of such non-age by legal and competent evidence), instead of having it investigated here." Petitioner could, if he had raised the question at *nisi prius*, properly, have had the action of the court thereon reviewed here by appeal, as was done in State v. Townley, 147 Mo. 205.

Since petitioner did not see fit to do this, the statute, the holdings of this court, and the presumption, nothing appearing of record to the contrary, that the court acted upon proof in making its findings, all preclude our acting in the matter.

Therefore, the petitioner will be remanded to the custody of the warden and the writ will be dismissed. *Brown, P. J.*, and *Walker, J.*, concur.