THE STATE EX REL. GEORGE C. CHASE, Agent for STATE OF MASSACHU-SETTS, in Matter of Requisition for WILLIAM D. CORBIN, v. C. A. CALVIRD, Judge, and L. W. KEELE, Clerk of Circuit Court of Bates County.—24 S. W. (2d) 111.

Division One, February 3, 1930.

*H. O. Harrawood* for relator.

*E. B. Silvers* for respondents.

ELLISON,, C.—Certiorari to the judge and clerk of the Circuit Court of Bates County to bring up from that court the record in a cause entitled, "In re William D. Corbin; Habeas Corpus." The relator, George C. Chase, as agent of the State of Massachusetts, claims the right to the custody of Corbin for the purpose of returning him to that state to answer an indictment charging the crime of larceny, on requisition issued by the Massachusetts Governor and honored by the Governor of this State.

Pursuant to the requisition the Governor of Missouri issued an executive warrant under which Corbin was arrested and held by the sheriff of Bates County. Thereupon, Corbin sued out a writ of habeas corpus addressed to the sheriff and the relator, Chase. Upon

a hearing, the cause being captioned as above, the circuit court or judge discharged Corbin on the ground that the executive warrant of rendition issued by the Governor of this State was void on its face. The judgment so recites. Following that, this court issued its writ of certiorari, and the respondents made return bringing up the record below, from which it appears the Governor's warrant was never made a part of the record in the cause. The relator contends:

(1) The trial court exceeded its jurisdiction in entertaining the proceeding below and the judgment was void because the application for the writ of habeas corpus was fatally defective, in that a copy of the Missouri Governor's executive warrant of rendition did not accompany the application when it was filed, as required by Section 1878, Revised Statutes 1919, and no statutory excuse verified by affidavit annexed to the petition was given for not filing it.

(2) Inasmuch as the trial court's judgment shows the original warrant was produced in open court by the relator as respondent below, and the judgment is expressly based thereon, this court ought to take cognizance of the warrant and its contents, a copy thereof being set out in the printed record (though it was not sent up as a part of the record). If this be done, says the relator, it will be found the warrant was in due form, and the judgment of the circuit court was erroneous.

A further short statement of the facts will suffice. As shown by the record, the petition for the writ of habeas corpus declares that Corbin "is unlawfully deprived of his liberty . . . by virtue of a certain warrant, purporting to be issued by the Governor of the State of Missouri, *which warrant cannot be set out herein or attached hereto because petitioner has no copy thereof.*" The pleading then continues by stating certain facts and reasons on account of which the petitioner contends his detention and imprisonment are illegal. Among others, one is as follows: "That said warrant is void for other reasons which cannot be set out herein *because this petitioner has not said warrant nor a copy thereof.*" (Italics ours.) The petition is supported by Corbin's affidavit that "the facts stated in the foregoing petition are true."

The judgment of the trial court, omitting formal parts at the beginning and conclusion, was as follows:

"And now on the same day come the respondents herein, and make return in open court to the writ of habeas corpus herein, that the petitioner, William D. Corbin, is held in custody by them under and by virtue of an executive warrant, issued on January 16, 1928, by the Governor of the State of Missouri . . . *which said warrant is produced by the respondents in open court.*"

"And now, on the same day, the court having considered the petition, and the return to the writ herein, and the executive warrant

of the Governor of the State of Missouri, under and by virtue of which the respondents return that they have custody and detention, of the prisoner; and the court being fully advised in the premises, *doth find that said warrant is void on its face* . . ." (Italics ours.)

The return of the respondent circuit judge and circuit clerk to the writ of certiorari in this court, contained the following:

"Now come the above respondents and for return to the Writ of Certiorari, heretofore issued by the Supreme Court of Missouri . . . hereby transmit . . . a true and complete transcript of the entire record . . . said record consisting of the following pleadings and entries, copies of which are hereto attached, as follows:

"Petition for writ of habeas corpus;

"Order granting writ of habeas corpus;

"Record entry of filing petition; .

"Record of hearing and judgment.

"The original writ of habeas corpus is not included herein for the reason that the respondents therein never made any written return thereupon nor returned same to this court; the only return made being the actual production of the relator therein, W. D. Corbin, in open court. *The Governor's warrant referred to in the writ of certiorari is not returned herewith because the same was never filed and made a part of the record in this cause.*" (Italics ours.)

A copy of the mooted warrant, certified by the Secretary of State, is attached as an exhibit to the relator's application for a writ of certiorari filed in this court, this application and exhibit being also set out in relator's printed abstract of the record; and the warrant is inserted in the printed abstract a second time at a point immediately following the return of the respondent circuit judge and clerk. But it is not certified to by the clerk of the Circuit Court of Bates County as a copy of the original and as a part of the transcript, or in any way authenticated by the respondents as in form the warrant on which the judgment of the circuit court was based. On the contrary their return, as we have heretofore shown, expressly declares the warrant was not filed and made a part of the record in the circuit court, and neither the warrant nor a copy thereof is sent up.

I. The first question to be determined is whether the failure of Corbin to file or submit with his petition a copy of the Governor's executive warrant of rendition, or to state a sufficient excuse for not doing so, made the application fatally defective, and rendered void the whole proceeding culminating in the judgment attacked. Relator takes the affirmative on this proposition, basing his contention on Section 1878, Revised Statutes 1919, and certain decisions of this court. The statute says:

"If the restraint or confinement is by virtue of any warrant, order or process, a copy thereof must accompany the petition, or it must appear, by affidavit annexed thereto, that by reason of the prisoner being removed or concealed before the application, a demand of such copy could not be made, or that such demand was made of the person by whom the prisoner is confined or restrained, and a copy refused."

It is to be noticed the statute recites a copy of the warrant *must* accompany the petition, or it *must* appear by affidavit annexed thereto either that a demand for a copy of the warrant could not be made because of the prisoner's being removed or concealed before the application, or that such demand was made and refused. The petition in this case does not comply with the statute. No copy of the warrant accompanied the application, and the petition merely says a copy cannot be set out therein or attached thereto because the petitioner has no copy. It does not say why he has not.

The section is referred to in State ex rel. Walker v. Dobson, 135 Mo. 1, 8, 17, 36 S. W. 238, 239, 242, decided by Division Two, speaking through SHERWOOD, J. That case was a certiorari proceeding instituted by the Attorney General, and the holding there seems to be that if a petition for a writ of habeas corpus is not accompanied by a copy of the warrant and no statutory excuse for the omission is alleged, jurisdiction of the court does not attach. But the decision can hardly be regarded as an authority squarely in point, because it is really ruled on the propositions that the petition failed to state a cause of action in its substantive allegations, and disclosed that the petitioners had been convicted of murder in a regular trial in the circuit court and were attempting to make a writ of habeas corpus perform the office of a motion for new trial, or a collateral attack on the judgment of another court of competent jurisdiction. These are the considerations stressed by the opinion.

Again in Ex parte Lee, 248 Mo. 1, 4, 153 S. W. 1041, an original habeas corpus proceeding in Division Two, this court, speaking through FARIS, J., said: "Petitioner, as by statute and the holdings of this court he was bound to do (Sec. 2443, R. S. 1909; now Sec. 1878, R. S. 1919; State ex rel. v. Dobson, supra) presented with his petition for the writ, certified copies of the sentences and judgments made and entered by the St. Louis Circuit Court in the two several cases against him." This case does not, however, say what would have been the effect of failing to present the papers mentioned.

Looking at the other side of the question. Section 1880, Revised Statutes 1919, provides for the issuance of the writ of habeas corpus in certain contingencies without any application at all; and Sections 1891 and 1892, Revised Statutes 1919, require every person upon whom a writ of habeas corpus shall be duly served to make a sworn return and to annex thereto a copy of any writ, order or warrant

under which the restrained party is detained, and to produce and exhibit the original to the court or officer before whom the habeas corpus writ is returnable. In other words, under Section 1878 the petitioner must accompany his application with a copy of the warrant under which the party is held, and under Section 1891 the respondent must do the same thing when he files his return, and also exhibit the original. There is good reason for doubting the statute would make these unconditional requirements on the responding person or officer, if it were intended the court should be without jurisdiction unless a copy of the same warrant had *already* been lodged with the court by the petitioner.

Another point to be considered is that the application for a writ of habeas corpus in essence is merely a preliminary pleading. When the writ is issued the petition has accomplished its purpose. [12 R. C. L. sec. 47, p. 1231; 29 C. J. sec. 156, p. 142; Ex parte Flournoy, 310 Mo. 355, 357, 275 S. W. 923-4.] The writ emanates from the court, and the return thereto, not the petition therefor, is the principal pleading; and the traverse or denial thereof puts the case at issue. [Ex parte Flournoy, supra; Ex parte Thornberry, 300 Mo. 661, 666, 254 S. W. 1087, 1088-9; Ex parte Brockman, 233 Mo. 135, 157, 134 S. W. 977, 983; Secs. 1891, 1903, 1904, R. S. 1919.]

Where, as in this case, the responding person or officer ignores the provisions of Sections 1891 and 1892 and files no written return, merely producing in court his warrant and the individual whose custody is involved, the requirements of those statutes will be deemed waived if no objection is made, and the court may determine the case on the allegations of the petition alone. [Ex parte Flournoy, supra.] But if this is so, and the complete absence of a return may thus be passed over, giving the respondent or the State every advantage that would have come from filing a return in effect denying all the allegations of the petition, by what right or justice can it be said the requirements of Section 1878 must not be disregarded in any jot or tittle by the petitioner, and that a mere failure to file a copy of the warrant with the petition or to make due excuse for not doing so, is jurisdictionally fatal—especially after the writ has already been issued, the warrant produced in court as evidence, and a hearing had without objection on that score?

The respondent to whom a writ of habeas corpus is addressed can attack the petition if he desires by a motion to quash the writ. [12 R. C. L. sec. 52, p. 1235; 29 C. J. sec. 170, p. 152; In re Hagan, 295 Mo. 435, 440, 245 S. W. 336, 337.] And it would seem the pleading ought to be viewed with more indulgence if not timely assailed in the trial court. [In re Whicker, 187 Mo. App. 96, 99, 173 S. W. 38, 39; In re Fowler, 221 Mo. App. 325, 327, 273 S. W. 195.] All the more should this be so when it is remembered the assault here is

made indirectly by certiorari going only to the question of jurisdiction.

The rule on the subject is generally stated in 29 Corpus Juris, Section 158, page 142, as follows:

"The form and contents of a petition for habeas corpus is now largely regulated by statutes which must be complied with so far as mandatory and applicable, unless objection is waived. A substantial compliance, however, is sufficient. A petition in conformity to all statutory requirements is, of course, sufficient. But, except as prescribed by statute, a very informal application may serve as a petition for the writ, and, if the writ is issued, the fact that the petition was insufficient does not affect the jurisdiction of the court to grant relief."

This seems to be the practice in the Federal courts (12 R. C. L. sec. 49, p. 1234) ; and in Nebraska Children's Home Soc. v. State, 57 Neb. 765, 769, 78 N. W. 267, 269, it is said:

"While the application in such case is the initiative proceeding, the validity of the writ does not depend on the sufficiency of the application. The issue of the writ is a judicial act. Where the application is in all respects sufficient, it is the duty of the judge to allow the writ; but it does not follow that the writ is void and can be disregarded, if the judge, through mistake of law or from other cause, sees fit to allow it on an informal or insufficient petition. It has been held that the proper method of attacking the petition is by motion to quash the writ, and that insufficiency in the petition is waived unless that remedy be resorted to. [McGlennan v. Margowski, 90 Ind. 150.] It follows that a defective petition is not, therefore, fatal to the jurisdiction."

Without extending our holding further than is necessary to rule this case, the considerations referred to in the preceding paragraphs lead us to the conclusion that the failure of the petitioner to accompany his application for the writ of habeas corpus with a copy of the Governor's warrant of rendition, or to explain by affidavit his failure to do so, did not deprive the circuit court, or judge, of jurisdiction. It is not contended the petition was defective in any other respect.

II. The next point made by relator is that we ought to look at the warrant as printed in the abstract here. The contention is that since, according to the express recitals of the judgment, the relator, as respondent below, produced the original warrant in open court, in obedience to the requirements of Section 1891, and since the judgment is confessedly based thereon, therefore we must treat the warrant *as a part of the return* and a part of the record, and must consider it here. But the trouble with this argument is that the return made to the writ of certiorari in this court

says: "the Governor's warrant . . . is not returned herewith because the same *was never filed and made a part of the record in this cause.*" (Italics ours.)

Granting the relator produced the warrant in court, it must have been considered only as *evidence,* and was not made a part of the record. So says the record, and that appears to conform to the intent of the statute (Sec. 1891). The section requires the officer to file a written return with a *copy* of the warrant annexed. These, when filed, become a part of the record. On the other hand, as to the *original* warrant the requirement is that he produce and exhibit it. This obviously is for evidentiary purposes. But even if that view be incorrect, the warrant has not been brought up. The copy presented here is unauthenticated by the lower court, judge or clerk, and does not come up as a part of the record.

The rule is well established that this court will look only to the record of the court below, and not to the evidence presented. [H. & St. J. Railroad Co. v. State Board of Equalization, 64 Mo. 294, 308; State ex rel. Gentry v. Westhues, 315 Mo. 672, 679, 680, 286 S. W. 396, 398; State ex rel. Gaines v. Westhues, 318 Mo. 928, 934, 2 S. W. (2d) 612, 615; State ex rel. Horton v. Clark (Mo.), 9 S. W. (2d) 635, 638.] It is also true that we cannot look to the relator's application for the writ of certiorari, for matters and facts that should appear in the return to the writ, but do not. [11 C. J. sec. 268, p. 177; State ex rel. Halpin v. Powers, 68 Mo. 320, 323; State ex rel. v. Williams, 70 Mo. App. 238, 242.] More obviously is it clear that jurisdictional facts and exhibits cannot be imported into the case by voluntarily inserting them in the abstract. If the respondent's return needed correction the relator had a means of compelling it. [Sec. 1483, R. S. 1919; State ex rel. Sager v. Mulvihill, 113 Mo. App. 324, 327, 88 S. W. 773; 11 C. J. sec. 285, p. 182.] But he has joined issue on the record as it stands, and the Governor's warrant of rendition is not before us.

III. It was, however, before the trial court and that court decided the warrant was void on its face. This inquiry and decision were such as the court had jurisdiction to make. It has been ruled an executive warrant of rendition must set out the facts essential to its issuance. [In re Hagan, supra, 295 Mo. l. c. 443 et seq., 245 S. W. l. c. 337.] The circuit court evidently thought the warrant in this instance did not show the necessary facts. We cannot go outside the record presented to determine the correctness of that decision.

This court's writ of certiorari is accordingly quashed. *Lindsay* and *Seddon, CC.,* concur.

PER CURIAM:—The foregoing opinion of ELLISON, C., is adopted as the opinion of the court. All of the judges concur.