ADCOCK, *Appellant* v. LECOMPT.

**Elections:** NOTICE OF CONTEST WHEN INSUFFICIENT. The statute (Wag. Stat., p. 573, § 57) requires contested elections to be determined at the first term of the county court, which shall be held fifteen days after the official count, but does not specify whether the term shall be a regular, or a special, or an adjourned term, although provision is made by law for all such terms. Notice was given by the contestant that he would contest the election of the contestee to the office of collector, at the next term of the county court, to be begun and holden on the first Monday in January, 1877, but it appeared that the next term after this notice was given was on the first Monday in February, 1877, and that no court was held in January; *Held,* that the day specified in the notice was material, and that the notice given was insufficient to sustain proceedings begun on the first Monday in February.

*Appeal from Barry Circuit Court.*—HON. W. F. GEIGER, Judge.

*Lay & Belch with John W. Wellshear for appellant.*

The notice was not void, because it notified the respondent that the contest would be heard at a court to be holden at a time when no court was or could be held.

The respondent was in nowise misled by the notice. He was present on the first Monday in February, and his motion to dismiss was also in the nature of a demurrer, and, in ordinary suits, would bind him as an appearance. Respondent was notified that the contest would be had at the next term of the county court; and this was by law required to be' holden on the first Monday in February, 1877; and of this requirement respondent is presumed to have had knowledge. Wag. Stat., p. 573, § 57; p. 442, § 17; *Lore v. McRae,* 12 Ala. 444; *Phillips v. Lemoyne,* 4 Ark. 144; *Rogers v. Miller,* 5 Ill. 333; *Hare v. Niblo,* 4 Leigh (Va.) 359; *Merrill v. Barnard,* Phillips L. Rep. (N. C.) 569. Such a defect would be cured by judgment. Wag. Stat., Vol. 2, p. 1036, Sec. 19; *Doan v. Boley,* 38 Mo. 449; *Decatur County v. Clements,* 18 Iowa 536

*E. L. Edwards & Son with George Hubbert* for respondent.

This proceeding is a mere contest between private persons. *State ex rel. Hequembourg v. Lawrence,* 38 Mo. 535; *State ex rel. Young v. Buskirk,* 43 Mo. 111; *Vail v. Dinning,* 44 Mo. 210. Jurisdiction over respondent was not acquired by service of the process essential thereto. *Ray County v. Barr,* 57 Mo. 290; *City of Boonville v. Omrod,* 26 Mo. 193; *Dickey v. Tennison,* 27 Mo. 373. The "legal notice" required by section 52 of the statutes is designed to perform the office of a writ of summons, and section 54 requires it to set out facts as in a petition. Wag. Stat., (Ed. of 1872,) p. 573. Castello's case, (see Lackland's return, which is accepted as correctly construing the statute, page 265) 28 Mo. 259.

If contestee be not brought into court, or good grounds for contest specified, the proceeding will be dismissed, and objections in both particulars may be combined in the same motion without prejudice. *Wilson v. Lucas,* 43 Mo. 290. A summons returnable to a day preceding the

beginning of the court, or a notice of judicial proceeding not specifying time and place, or specifying a false time or place, is void. Estee's Pl., Vol. 3, p. 275; *Dickey v. Tennison*, 27 Mo. 373; *Holliday v. Cooper*, 3 Mo. 286. 1st Tidd's Pr., (4 Am. Ed. from 9th London) top p. 163, § 164-7. In the case at bar, the county court was held, in fact, and under the law, beginning on the first Monday in February. Of this there can be no question now, although respondent was not bound to know but the time for its holding had been changed.

NAPTON, J.—The only question in this case is as to the sufficiency of a notice in a contested election for the office of collector. The notice was as follows : " You will take notice that at the next term of the county court, within and for the county of Barry, and State of Missouri, to be begun and holden in the town of Cassville, in said county, on the first Monday in January, 1877, I will contest your election to the office of collector of the revenue, etc." The notice proceeded to enumerate nineteen specific reasons in support of the allegation that the party notified was not elected. The next term of the county court, held after this notice, was on the first Monday in February—and no court was held in January. At the session of the court in February, the contestee filed a motion to quash the notice, which was overruled. On appeal to the circuit court this motion was sustained, and the contestant appealed to this court.

The statute concerning contested elections, (1 Wag. Stat., p. 573, Sec. 57,) requires them to be determined at the first term of the county court, which shall be held fifteen days after the official count. The statute does not say that this term shall be the regular term, or special term or adjourned term—but the first term or session of the court, whether regular, adjourned or special. The statute did not necessarily require the notice in this case to specify the first Monday in February, for there might have been

a change in the regular term, or there might have been an adjourned term or a special term on the day specified in the notice. The 17th section of the act, concerning county courts, provides for four terms of the court, on the first Mondays in February, May, August and November, but provides further, that, "The county courts may alter the times for holding these stated terms, giving notice thereof in such manner as to them shall seem expedient." And section 18, (p. 442, Vol. 1,) says that "each county court may hold adjourned terms at any time;" and section 19 says, "The president, or any two justices of the county court, may order a special term, whenever the business and interests of the county require it." So that it is not clear that a notice in this case simply to appear at the next term of the county court, without stating the time when such court would be held, would be sufficient, upon the ground that the contestee was bound to know the law. But in this case the notice specifies the day when the next term will be held, and although the day named was not the day fixed in the statute for the regular term, yet, as the law allowed the court to change the time of its regular sessions, and it was not necessarily known to the contestee, but that such change had been made, the day specified in the notice was material.

The case of *Love v. McCrew*, (12 Ala. R. 444) and other similar decisions in regard to mistakes in writs, which by law are returnable to fixed terms of a court, are not applicable to this case. The judgment of the circuit court is affirmed. The other judges concur.

AFFIRMED.