STATE ex rel. TUCKER et al., Relator, v. MITCHELL et al., etc., Respondents.

**St. Louis Court of Appeals, November 18, 1907.**

1. **COUNTY COURTS: Special Terms: Regular Terms.** Under the provisions of section 1786, Revised Statutes 1899, authorizing a county court to call a special term "whenever" the business interests of the county require it, such county court may call a special term during the recess of the regular term and before such regular term has finally adjourned.

2. ———: ———: **Dramshop License.** The county court has jurisdiction to grant a dramshop license under section 2997, Revised Statutes 1899, at a special term as well as at a regular or adjourned term.

3. ———: ———: ———: **Costs.** An order of the county court granting a dramshop license is not rendered void on the ground that the county court taxed the costs of holding the term of court at which the license was granted against the applicant for the license, although such costs could not be collected.

Original Proceeding by Petition for Writ of Certiorari to Review Action of County Court.

WRIT DENIED.

*Merrill Pipkin* for relator.

County courts are authorized to hold as many adjourned terms as they deem necessary. All business done at such adjourned terms is considered as done at one and the same time. Adjourned terms are part of the regular terms at which order was made. State ex rel. v. County Court, 45 Mo. App. 395; Fannon v. Plummer, 30 Mo. App. 27; State ex rel. v. Railway, 101 Mo. 150; Higgins v. Randall, 13 Mo. 146.

*W. S. Anthony* for respondents.

The county court can grant a license to a dramshop keeper at any term of said court, provided the petitioner

has complied with the statutes concerning the qualifica-
tions of himself and his petitioners. Session Acts 1901,
p. 142; State ex rel. v. County Court, 45 Mo. App. 387;
Adcock v. LeCompte, 66 Mo. 40; State ex rel. v. Dormer,
191 Mo. 5; State ex rel. v. Higgins, 84 Mo. App. 537;
State ex rel. v. Seibert, 97 Mo. 212.

NORTONI, J.—This is an original proceeding in
this court. The relator, prosecuting attorney of St.
Francois county, sued out a writ of certiorari, seeking
to quash certain proceedings had in the county court
of that county whereby one Carter Ashlock was granted
a license to keep a dramshop, and to revoke such license.
It appears the dramshop license in question was
granted at a special term of the county court. This
special term of court was ordered and held during the
period intervening between the adjournment of the reg-
ular May term and its reconvening in an adjourned
term. In other words, such special term was held at a
time after the regular term of such court had convened
and before it had finally adjourned to court in course,
although not during any time or on any day when such
regular May term was in session. It is insisted on the
part of the relator that the county court duly convened
in special term, under the statute, was without jurisdic-
tion to adjudicate on the matter of the application for,
and to issue the dramshop license in question and there-
fore the proceedings had in said court with reference to
the matter are *coram non judice*, in consequence of
which the license is void and should for that reason be
revoked. To this end, counsel advance and rely upon
three propositions, the first of which is as follows:

It is insisted there is no authority in the law for a
special term of the county court during the period while
a regular term of court is still in existence, although
it may not be in session. In other words, there can be
no special term of the court until after the regular term

State ex rel. v. Mitchell.

shall have been finally adjourned, even though the regular term which has not finally adjourned, may have been in a state of suspension or recess for a considerable number of weeks. The argument seems to be that so long as the regular term is not finally adjourned, it is in existence, or a continuing term, which is no doubt true in a sense, and therefore the notion that a special term could be holden while a regular term is continuing, is inconsistent in itself. The record discloses the county court convened in regular term, on Monday, May 6, 1907, and for several days adjourned from day to day. Under regular and proper orders of adjournment, the regular May term was in session on May 17th, on which date it adjourned to Monday, June 3rd, as appears by the following order of record:

"*State of Missouri, County of St. Francois, ss*:
May Term, 1907.

"In the county court of said county, on the 17th day of May, 1907, the following among other proceedings were had, viz.: Court adjourned until Monday, June 3rd, 1907.-

"J. D. MITCHELL,
"Presiding Judge."

It therefore appears the regular May term of the court, although not finally adjourned, was in recess or in a state of suspension from May 17th to June 3rd, and during this recess, on May 20th, Carter Ashlock filed his proper petition for a dramshop license in the office of the clerk of said court. Upon the filing of this petition, the president of the county court, being of the opinion that the business and interests of the county required it, exercised the authority conferred upon him by section 1785, Revised Statutes 1899, in that behalf; and ordered a special term of such court to be holden May 30, 1907, for the purpose of considering the matter of the application of said Carter Ashlock for a dram-

shop license, etc.   The order, as made by the presiding judge, is as follows:

"IN VACATION.   MONDAY, MAY 20, 1907.
*Notice for Special Term of County Court.*
Thursday, May 30th, 1907.

"It appearing to the satisfaction of Jefferson D. Mitchell, presiding justice of the county court of St. Francois county, Missouri, that the business and interests of the county require a special term of said court, for the purpose of examining the application, petition and bond of Carter Ashlock, for a license to keep a dramshop at his stand on part lot 11, Sub-survey No. 3092 and 1864, known as the Highley stand, near the town of Desloge in Randolph township in said county.

"It is therefore ordered by said J. D. Mitchell, presiding justice of said county court, that a special term of said court will be begun and held at the courthouse in the city of Farmington, on Thursday, May 30, 1907, at the cost of said Carter Ashlock, and it is further ordered that the Sheriff of said County of St. Francois, cause notice to be given according to law.

(Signed)                         "J. D. MITCHELL,
"Presiding Justice of St. Francois
County Court."

Notice of and for the said term was duly given as is provided in section 1786, Revised Statutes 1899.   In compliance with this order and notice, the court convened in special term on May 30th and upon a proper showing in that behalf, it considered and acted favorably upon the application of said Ashlock for a dramshop license, etc.   From the facts stated, it appears clearly that although the regular May term was not finally adjourned, the court was not in session at the time the petition was filed, nor was it in session at any time after the filing of the petition until it convened in special term.   The special term being ordered and held

during a recess of the regular term, it certainly did not and could not conflict with the regular term. As a matter of fact, it was then in a state of recess or suspension for the time being. There is a doctrine in our law to the effect that during a term of court, and until the term has finally adjourned, it is, in legal contemplation, but a single day. [Gormley v. Transit Co., 126 Mo. App. 405, 103 S. W. 1147; Becker v. Schutte, 85 Mo. App. 57; Williams v. Walton, 84 Mo. App. 433; State v. Jeffors, 64 Mo. 376.] It is upon this doctrine the argument proceeds to the effect that it is inconsistent to hold a special term of the court during a time, when, in legal contemplation, the regular term is still in existence. Now, whatever merit this argument might have in the broad field of general law, it is certainly not persuasive here under the several provisions of our statute. Section 1783, Revised Statutes 1899, so far as pertinent here, provides that four terms of the county court shall be held in each county annually, commencing on the first Monday of February, May, August and November. Section 1787 provides for adjourned terms whenever it may become necessary for the transaction of the county business, and these adjourned terms are of course continuations and parcel of the regular term. [Trammel v. Railway, 101 Mo. 136, 13 S. W. 505.] Section 1785 provides: "The president or any two judges of the county court may order a special term whenever the business and interest of the county may require it." Section 1786 provides for notice of such term. It clearly appears from these several statutory provisions, the Legislature intended to authorize a term of the county court of some character, either regular, adjourned or special, as expressed in the statutes, "whenever" the business or interests of the county seem to require it. Now it is and has long been the custom or usage of these courts in many of the counties of the state at least, to meet the first Monday in

every month of the year; that is to say, to adjourn the May term to the first Monday in June, and in June to adjourn to the first Monday in July; and so with each succeeding term, preparatory to disposing of such matters as may properly come before the court. The Legislature certainly manifested its concern in this connection by specially providing for adjourned terms when in truth and in fact, the power to adjourn from time to time and to hold adjourned terms was inherent in the court without the aid and wholly irrespective of the statute. [Higgins v. Ransdall, 13 Mo. 205-208.] However that may be, the section manifests the concern of the Legislature in providing for frequent and convenient terms of court, to the end that the business in which the county is interested, be not neglected. It is obvious the Legislature was impelled by the same motive in providing for special terms of the court, as above indicated. Having specially provided for and authorized frequent adjourned terms, it is quite certain the Legislature had such adjourned terms in contemplation when it enacted the section authorizing the special terms referred to. Now this being true, it certainly contemplated and intended that such special terms be held not only after final adjournment of the regular term, but at intervals during its recess as well. It is manifest from all of the provisions, when read together, the Legislature intended to authorize a term of the county court at any time when the regular or adjourned term was not actually in session, and it was necessary within the language and spirit of the statute. This, it appears, is indicated by the broad language employed in the sections authorizing both the special and adjourned terms, for it is there said, such terms may be held "whenever," etc., etc. Nothing is said in the section limiting special terms to a time after the regular or adjourned term is finally adjourned to court in course. Now suppose that instead of the matter of a dramshop license, there was

involved in this case a question arising out of a great catastrophe or fire. Say, on May 17th, the county court adjourned until June 3rd, and during this interval, the courthouse or the county infirmary or poorhouse should be destroyed by earthquake or consumed by fire. Would any one attempt to argue that a special term of the county court could not be lawfully held under this statute during the interval mentioned to deal with this situation of affairs by providing a proper place for the county records and offices or proper quarters for the county poor and infirm? We are persuaded that no one would argue a special term could not be holden during the recess of the regular term for the reason the regular term had not yet finally adjourned and was therefore in legal contemplation, still in session. It is clear the Legislature intended to authorize special terms of the county court under the circumstances presented in this case. In State v. Riddle, 179 Mo. 287-299, 78 S. W. 606, our Supreme Court considered a question which arose on a state of facts where a special term of the circuit court had been holden during the recess of a regular term of the same court, and before its final adjournment, precisely as in this case, and no mention was made of the question here pressed upon the court. It was there said that such special terms are entirely independent and are in no manner connected with the regular term of such courts. Indeed, it seems that the salutary provisions of these statutes authorizing special terms would almost entirely fail were the courts to adjudge that no special terms could be held during the interval or recess while the regular terms may not yet be finally adjourned.

2. It is next insisted that the special term of the county court had no jurisdiction to entertain the proceeding and grant a license for the reason the statute (R. S. 1899, sec. 2997) contemplates that such proceeding be presented to a regular or adjourned term only.

It is very true that the regular or adjourned term has jurisdiction in such matters under the section quoted. [State ex rel. v. Moniteau County Court, 45 Mo. App. 387.] This does not necessarily preclude the special term from having jurisdiction as well. Counsel rely upon the language of the statute supra to support this argument. It is said that because, under section 2997, the petition must remain on file "for ten days before the first day of the court to which it is presented," for the purpose of public inspection, and by the clerk laid before the court at its "first term thereafter," it is obvious the Legislature intended a regular or adjourned term of the court only should act upon the matter. The argument is that the words "ten days before the first day of the court," and the "first term thereafter," imply either the regular or adjourned term, and not a special term. We are at a loss to appreciate why those words should apply with greater force or precision to a regular or adjourned term than to a special term of the court. One of these courts, when convened under the authority of the law, is as much a term of court as any other term, and it, too, has its first day as well as the regular or adjourned terms have their first day. The statute does not require the proceeding to be presented to the regular or adjourned term any more than it does to a special term of the court. The language employed may apply to either a regular, adjourned or special term. There is no limitation or expression therein signifying any particular term of the court. Such was the opinion of our Supreme Court given after examining a similar statute in a case much resembling, and in principle, identical with the matter in judgment here. [Adcock v. Lecompt, 66 Mo. 40.]

3. It is argued that because the county court taxed the costs of the proceeding and special term against the dramshop keeper, the order granting the license is void. There is no merit in this argument. While it is true

the matter of costs is generally regulated by statute in this State, and the costs are not usually collectible except they are taxed in accordance with the law (Kirn v. Railway, 124 Mo. App. 271, 101 S. W. 673; Waters v. Waters, 49 Mo. 385; St. Louis Brew. Assn. v. St. Louis, 168 Mo. 37, 67 S. W. 563), the mere fact that the court taxes costs which it cannot collect, would not, in other respects, render void the judgment in a cause of which it had jurisdiction.

The peremptory writ will be denied. It is so ordered. *Goode, J.,* concurs; *Bland, P. J.,* dissents.