## STATE OF MISSOURI ex rel. JOHN JACOB DICK et al., Relators, v. JOHN WIETHAUPT et al., Justices of the County Court.

### St. Louis Court of Appeals, June 4, 1912.

1. **CERTIORARI: Conclusiveness of Return: Dramshops.** On *certiorari*, to review the proceedings of a county court granting a dramshop license, the question of the sufficiency of such proceedings must be determined solely on the return of the justices of the county court.

2. **DRAMSHOPS: License: Jurisdictional Requirements: Terms of County Court.** Section 7201, Revised Statutes 1909, providing that the petition for a dramshop license shall be filed in the office of the clerk of the county court not less than ten days before the first day of the court to which it is presented, and remain on file for inspection, and be by the clerk laid before the court at the first term thereafter, is mandatory and jurisdictional in so far as it requires the filing of the petition before the first day of the court to which it is to be presented; and it is not sufficient to file a petition when the court is in session, and then dispose of it on a subsequent day of the same term, though it was on file ten days, where the court remained in continual session, without adjournment to a regular or an adjourned term.

   *Held,* by REYNOLDS, P. J., dissenting, that the word "term," as used in said section, is synonymous with "session," and hence, where a petition for a dramshop has remained on file for ten days, the county court has jurisdiction to act upon it at any "term" or "session" thereafter.

3. ———: ———: ———: ———. Section 7201, Revised Statutes 1909, when construed, as it must be, in connection with sections 4086, 4088 and 4090, providing for regular terms of the county court and authorizing special and adjourned terms, confers jurisdiction upon the county court to grant a dramshop license at the first adjourned term after the filing of the petition therefor, provided the petition has remained on file with the clerk ten days before the first day of the adjourned term; an adjourned term, although parcel of the regular term, being a "term" within the requirement of said statute that such a petition shall be filed with the county clerk not less than ten days before the first day of the court to which it is to be presented and shall be by the clerk laid before the court at the first *term* thereafter.

State ex rel. v. Wiethaupt.

*Held,* by REYNOLDS, P. J., in a dissenting opinion, that an adjourned term is a session of the regular term.

4. **COUNTY COURTS: Inherent Powers.** The county court is of constitutional origin, and, though it is not possessed of general common law jurisdiction, it exercises judicial functions and has inherent power to adjourn from time to time.

5. **EVIDENCE: Judicial Notice: Terms of County Court.** The Court of Appeals judicially knows that the county courts convene, in pursuance of the statute, in regular term on the first Monday in February; and, unless an adjournment thereafter appears, the law presumes that a session held on March 4th following was a session of such regular term.

6. **DRAMSHOPS: License: Jurisdictional Requirements: Terms of County Court: Facts Stated.** Where an application for a dramshop license was filed in the office of the clerk of the county court on February 17th, and, under the statute, the regular term of the court began on the first Monday in February and the record of the court showed that a session held on March 4th was a session of the February term and not of an adjourned term, a dramshop license issued on that date was invalid, under section 7201, Revised Statutes 1909, for the reason that the petition, having been filed during the February term, could not be acted on at that term. [REYNOLDS, P. J., dissents.]

7. **COUNTY COURTS: Jurisdiction: Must Appear on Record.** The county court is of inferior and limited jurisdiction, and presumptions are not indulged in aid of its proceedings, but all matters pertaining to its jurisdiction over the subject-matter must affirmatively appear on the face of its records, or the judgment may be quashed.

## Original Proceeding by Certiorari.

WRIT AWARDED AND JUDGMENT QUASHED. CERTIFIED TO SUPREME COURT.

*Eliot, Chaplin, Blayney & Bedal* for relators.

The judgment or order of the county court granting a dramshop license at the same term of court at which the petitions of the assessed tax paying citizens and guardians of minors of the block and municipal township are filed is void. R. S. 1909, sec. 7201; State ex rel. v. Heege, 37 Mo. App. 338; State ex rel. v. Mitchell, 127 Mo. App. 455; State ex rel. v. Higgins, 84 Mo. App. 531.

*E. W. Mills* and *George B. Logan* for respondents.

Section 7201, Revised Statutes, under which this dramshop license was granted, read in connection with section 7206, does not mean that the county court is without jurisdiction to grant a dramshop license at the same term to which the petition is filed. The provision requiring the clerk to present such petitions to the county court at the first term thereafter (after filing) merely makes it mandatory upon the clerk to lay said petition before the court at least by the time of the next term, and prevents delays thereby, which the clerk himself might occasion. State ex rel. v. Moniteau County, 45 Mo. App. 394.

NORTONI, J.—This is an original proceeding in *certiorari.* Relators sued out the writ in this court to the end of reviewing the proceedings of record in the county court of St. Louis county in the matter of the application of Charles S. Kinney for a dramshop license. In response to the writ, the justices of the county court have submitted a certified copy of the entire files and record preserved in that court touching the dramshop proceeding in question. On the return so made, the case has been argued and submitted.

The question for consideration arises from the fact that the dramshop license was ordered issued by the county court on March 4, 1912, upon a petition therefor filed in the office of the clerk of that court on February 17, 1912. It is argued that as the statute fixes the time of the regular term of the county court on the first Monday in February, it possessed no jurisdiction to grant a dramshop license on March 4, at an adjournment of the February term, though the petition therefor was duly filed more than ten days before the first day of the adjourned term which acted thereon; for, it is said, the statute authorizing the county

court to grant a dramshop license requires that the "petition shall be filed in the office of the clerk of the county court not less than ten days before the first day of the court to which it is to be presented and remain on file for public inspection and by said clerk laid before the court at the first term thereafter, and all dramshop licenses issued contrary to the provisions of this section shall be void." [See Section 7201, Revised Statutes 1909.]

The argument advanced involves and presses forward the idea that the words "court" and at the "first term thereafter," employed in that portion of the statute quoted, refer to either a regular or special term of the county court and that an adjourned term thereof is not included within their purview. Whatever may be the facts touching the application for and granting of the dramshop license involved here, the question in judgment is to be determined solely on what appears in the return made by the justices of the county court to the writ, for we are precluded from looking beyond that. [4 Ency. Pl. & Pr. 224; Hannibal & St. J. R. R. Co. v. State Board of Equalization, 64 Mo. 294, 308.] Neither the sufficiency of the return nor its verity with respect to setting forth the true state of the record in the county court is challenged. From the return it appears that Kinney filed his application and a voluminous petition with the clerk of the county court of St. Louis county, on the 17th day of February, 1912, and prayed the issuance of a license to maintain a dramshop in Central township of that county at a place therein mentioned and described. A certified copy of the order of the court showing the presentment, consideration and allowance of the dramshop application is copied in full in the return. From this order it appears that at the February term, 1912, on the 4th day of March, 1912, the county court was in session. This order recites that the petition of Charles S. Kinney for a dramshop, hav-

ing been on file for ten days in the office of the clerk for public inspection, was presented to the court for consideration, etc. After having fully considered the petition, it was adjudged sufficient, the applicant qualified, etc., and the license ordered issued. The statute (Sec. 7201, R. S. 1909) concerning dramshop licenses and conferring authority on the county courts with respect to granting the same provides that the "petition shall be filed in the office of the clerk of the county court not less than ten days before the first day of the court to which it is to be presented and remain on file for public inspection and by said clerk laid before the court at the first term thereafter, and all dramshop licenses issued contrary to the provisions of this section shall be void."

We concur in the view expressed in State ex rel. Campbell v. Heege, 37 Mo. App. 338, to the effect that this statute is mandatory in so far as it requires the filing of the petition before the first day of the court to which it is to be presented. In other words, it will not suffice on the petition being filed when the court is in session for the court to take it up and dispose of it on a subsequent day of the same term, though it has remained on file ten days, if it appears the court remained in continuous session without adjournment to a regular or adjourned term. The provision of the statute requiring the petition to remain on file in the office of the clerk for ten days before the first day of the court to which it is to be presented is obviously mandatory and jurisdictional, for it stipulates an element of notice as for inspection. [See State ex rel. Waggoner v. Seibert, 97 Mo. App. 212, 71 S. W. 95.] But though such be true, we are not prepared to accede to the view that the petition must remain on file more than ten days before a regular term of the county court. This statute must be interpreted to some extent *in pari materia* with other statutes providing for regular terms, adjourned terms and special terms of

the county court, for, obviously, the Legislature had the prior state of the law with respect to the terms of the county court in mind at the time it enacted section 7201, touching applications to the county court for dramshop licenses. Ordinarily, we would incline to the view that the statute concerning applications for licenses referred to the regular term of the county court alone, but when this statute is considered along with others specifying the different terms of the county court, which are well known in our law, a different aspect of the subject is revealed. Moreover, the provisions of section 7201, as to applications to the county court for dramshop licenses, should be considered, too, with a view to the idea of convenience, which we believe the Legislature had in mind. It is well known that dramshop licenses expire at different periods throughout the state, and, under the statute, such license is only valid for a period of not exceeding six months, though it may be renewed on the same petition for six months longer. By the provisions of section 4086, Revised Statutes 1909, the county court convenes in regular or stated terms four times in each year. The regular terms of such courts convene on the first Monday in February, May, August and November. If an applicant for license is required to await the meeting of a regular term of the county court and file his petition ten days before the first day thereof, then many dramshop keepers would be highly inconvenienced with respect to commencing their business. A perusal of the provision of section 7201, now under consideration, suggests the thought that the Legislature did not intend to require applications for such licenses to be filed at all events ten days before the first day of a regular term of the county court, for the words "regular term" do not appear in the statute. Indeed, the statute seems to omit reference to a term of court in so far as possible, for it requires the petition to be filed ten days before the first day of "the court."

However, it is clear the provision requires it to be laid before the court at the "first term" thereafter. It would seem that a fair construction of this language suggests that any term of the court which is recognized in our law will suffice. As before said, our statutes, concerning the county court and its terms, specially provide for three terms of different character, that is, under separate and distinct designations. Section 4086 provides for four terms of the court to be held in each county annually, one to convene on the first Monday in February, one to convene on the first Monday in May, one to convene on the first Monday in August, and one to convene on the first Monday in November. Throughout our law, these terms are known and referred to as regular or stated terms of the county court. No one can doubt that such court may, during any term, adjourn from time to time, for such right inheres in the court. Furthermore, the county court is of constitutional origin and while not possessed of general common law jurisdiction, all the authorities declare it to be a tribunal exercising judicial functions. But though the county court may adjourn from time to time because of its inherent power to do so, the Legislature nevertheless specially provided for the holding of "adjourned terms" of such court whenever it may become necessary for the transaction of its business. Such is the provision of section 4090, Revised Statutes 1909. Section 4088 provides, too, that the president or any two judges of the county court may order a special term whenever the business and interest of the county may require it.

It is conceded by all that the county court may grant dramshop licenses on proper application at a regular term of court. We have heretofore decided that it was competent for the county court to grant a dramshop license at a special term of that court, called in accordance with the statutes (sections 4088 and 4089) by the president or two judges of the court

for the purpose of considering such matters. In that case it was determined that the provisions of section 7201, requiring the petition to be filed ten days before the first day of the court to which it is to be presented and remain on file for public inspection and by the clerk laid before the court at the first term thereafter, were fully met and complied with when it appeared the county court at a special term acted upon such a petition duly filed more than ten days before. We expressed a view then that the words "court" and "first term thereafter," above quoted, no more intend the regular term of the county court than they do a special term thereof duly called for that purpose. [See State ex rel. Tucker v. Mitchell, 127 Mo. App. 455, 105 S. W. 655.] It is well known to the profession that the various county courts adjourn from time to time and hold what is commonly known in our law as adjourned terms. It is true that such adjourned terms are but parcel of the regular term of the court and to the lawyer seem more as different sessions of the same term than distinct terms, as is noticed in State ex rel. Trammel v. Hannibal & St. J. R. R. Co., 101 Mo. 136, 13 S. W. 505. But though such be true, our Supreme Court has, in view of the statute above quoted concerning adjourned terms, expressly recognized such subsequent sessions of the regular term as an adjourned term of the court, that is, a term of the court in a sense distinct from the regular term, of which in theory, of course, it is but part. For instance, in Adcock v. Lecompt, 66 Mo. 40, the question involved was the sufficiency of a notice of contest requiring the party to appear in the county court on the first Monday in January, 1877. The statute under which the notice was given required the contest to be determined at the first term of the county court, to be held fifteen days after the official count. The regular term of the county court was stipulated

for then, as now, and the notice obviously contemplated an adjourned term of the county court to be held in January, but, in fact, no such term of court was held. The notice was determined to be unavailing for the reason that no court, either regular, special or adjourned, was had in January, but in the opinion the Supreme Court pointed out the three different terms of different character provided for in the statute as above indicated, to-wit, regular, adjourned and special. The judgment of the court in that case proceeds as though the January adjourned term, if in fact held, was a term of the county court within the meaning of the law, at which it was competent to hear the contest. That it has been the practice for county courts to take cognizance of dramshop petitions and grant licenses at adjourned terms is well known by the profession. Indeed, this course seems to have been recognized as a proper one by our Supreme Court, though the question is not expressly decided, in State ex rel. Fitzpatrick v. Meyers, 80 Mo. 601. Though the provision requiring the petition to remain on file with the clerk for ten days was not incorporated at that time, the statute then required the dramshop petition to be presented to the county court at the "first term" after its filing. In that case, it appears the petition for a dramshop was filed on the sixth day of December, 1883. The regular term of the county court convened in November before the petition was filed and the matter was presented "at the adjourned term of the court of Nodaway county, held December 10, 1883." The county court refused to grant the license, though the petition was signed by more than a two-third majority of the taxpayers. The circuit court by mandamus compelled the issuance of a license, because it regarded the statute mandatory when the petition was signed by more than a two-third majority. On appeal, the judgment of the circuit court was affirmed by the Supreme Court. Obviously,

the effect of the judgment of the Supreme Court on the statute as it then stood affirms and declares that the "first term thereafter" of the county court was one in which the jurisdiction inhered to grant a license, though such term was an adjourned term of the county court. In view of these authorities and the statutes above quoted, providing for an adjourned term of the county court, it seems clear that the Legislature intended to confer jurisdiction on the county court to grant a dramshop license at the first adjourned term thereafter—that is, after filing the petition—provided the petition remained on file with the clerk for inspection ten days before the first day of such court, that is, the adjourned term.

But though such be true, the record before us does not reveal the petition to have been filed ten days before and that it was acted upon at an adjourned term. On the contrary, it appears to have been both filed and acted upon during the regular February term and not ten days before a term of the court of any character.

The return before us discloses the petition was filed on February 17th and that it was presented to the court and acted upon during the February term, on March 4th thereafter. Obviously, more than ten days had elapsed after the petition was filed, but it does not appear the court was in session at an adjourned term. Instead, the record recites a session of the court during the February term, on March 4th, and such is the regular term which the statute prescribes. We judicially know that the county court convened in pursuance of the statute in regular term on the first Monday in February and unless an adjournment thereafter appears the law presumes the session continued and included that held on March 4th. [Harding v. Bedoll, 202 Mo. 625, 632, 100 S. W. 638.] But putting aside this presumption entirely, the return shows on its face that the court acted on the petition

during the February term, on March 4. This being true, it is entirely clear that the petition was filed during the regular February term, and not ten days before the first day of "the court" to which the petition was to be presented at the first term thereafter, for until the February term adjourned, even an adjourned term would not fall within the category of "the first term thereafter." The county court is one of inferior and limited jurisdiction and presumptions are not indulged in aid of its proceedings as is the rule with respect to courts of general jurisdiction. On the contrary, all matters pertaining to the jurisdiction of such courts over the subject-matter must affirmatively appear on the face of its records or the judgment may be quashed. [See State ex rel. Campbell v. Heege, 37 Mo. App. 338; State ex rel. v. Seibert, 97 Mo. App. 212, 71 S. W. 95.] For the reason it appears from the return that the petition was filed during the February term of the county court and the license granted during the same term and that it does not appear the petition was filed ten days before the court to which it was to be presented and acted upon at the first term thereafter, the judgment of the county court awarding the dramshop license to Kinney should be quashed and held for naught. However, we deem the judgment here given to be in conflict with the views expressed by the Kansas City Court of Appeals in State ex rel. Reider v. The Moniteau County Court, 45 Mo. App. 387, and, therefore, certify the case to the Supreme Court for final determination. It is so ordered. *Caulfield, J.*, concurs. *Reynolds, P. J.*, concurs in certification but dissents from the decision in separate opinion filed.

## DISSENTING OPINION.

REYNOLDS, P. J.—I concur in the certification of this case to the Supreme Court on the ground that

the opinion of the majority is in conflict with that of the Kansas City Court of Appeals as set out in State ex rel. Reider v. The Moniteau County Court, 45 Mo. App. 387. I am obliged to dissent, however, from the opinion of my learned Brother NORTONI. I am unable to understand how an adjourned term can be said to be anything but a session of the regular term. The statute provides for adjourned terms, which I take it to mean, a session held in continuation of a regular or special term. Black's Law Dict. (2 Ed.), defines it to be, "a continuation of a regular term." It is to be distinguished, he says, from an additional term. It is "a continuation of a previous or regular term; it is the same term prolonged, and the power of the court over the business which has been done, and the entries made at the regular term, continues." In the case at bar, for instance, the regular term began on the first Monday in February. If the court had been in session for say three consecutive days, commencing with the first day of the February term, and an adjournment of the February term from the third day of that term to, say the first day of March, the session held in March would constitute an adjourned session of the February term and would still be in the February term of the court. I understand from the decision of our Supreme Court in Adcock v. Lecompt, 66 Mo. 40, and State ex rel. Trammell v. Hannibal & St. J. Ry. Co., 101 Mo. 136, 13 S. W. 505, that the word "term" is synonymous with session. Thus at page 42 in Adcock v. Lecompt, Judge NAPTON says: "The statute does not say that this term shall be the regular term, or special term or adjourned term—but the first term or session of the court, whether regular, adjourned or special." Judge BLACK repeats this in State ex rel. v. Hannibal & St. J. Ry. Co., supra. This, I understand, is the construction placed upon this statute by the Kansas City Court of Appeals in the case before referred to. In brief, I think that the essential re-

quirement of the law is, that the petition should remain on file for at least ten days before it is acted on by the court. When it has been on file for that length of time it can be acted upon by the court at any term or session thereafter. As that occurred here, I think the writ should be denied.